UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALERY LATOUCHE,

Plaintiff,

-against-

DANIEL F. MARTUSCELLO III; CAROL A. MOORES; SUSANNA NAYSHULER; RAZIA K. FERDOUS; MICHAEL D'AMORE; JOHN DOE,

Defendants.

**ORDER OF SERVICE**

26-CV-4016 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who currently is incarcerated at Sing Sing Correctional Facility (Sing Sing) in the custody of the New York State Department of Corrections and Community Supervision (DOCCS), brings this action *pro se*. He asserts claims, under 42 U.S.C. § 1983, for alleged violations of his constitutional rights. By order dated June 18, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1]

**DISCUSSION**

A. Service on Named Defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to assistance from the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Commissioner Martuscello, Chief Medical Officer Moores, Regional Health Services Administrator Nayshuler, Deputy Commissioner D'Amore, and Sing Sing Chief Medical Director Ferdous through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for each defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

B. Unidentified Defendant

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit DOCCS to identify the John Doe Health Services Director at Sing Sing during the relevant period when Plaintiff alleges that he was denied constitutionally adequate medical care. It is therefore ordered that the Office of the New York State Attorney General, which is the attorney for and agent of the DOCCS, must ascertain John Doe's identity and the address where he may be served. The New York State Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the Doe defendant. The amended complaint will replace, not supplement, the original complaint. A Prisoner Civil Rights Amended Complaint form for Plaintiff to complete after receiving this information is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named Doe Defendant and deliver to the U.S. Marshals Service all documents necessary to effect service.

## CONCLUSION

The Clerk of Court is directed to mail an information package and a Prisoner Civil Rights Amended Complaint form to Plaintiff.

The Clerk of Court is further instructed to issue summonses for Defendants Martuscello, Moores, Nayshuler, Ferdous, and D'Amore, complete the USM-285 forms with the addresses for Defendants, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York State Attorney General at: 28 Liberty St, New York, NY 10005.

SO ORDERED.

Dated: August 20, 2026
White Plains, New York

PHILIP M. HALPERN
United States District Judge

**SERVICE ADDRESSES FOR DEFENDANTS**

1. Commissioner Daniel F. Martuscello III
   New York State Department of Corrections and Community Supervision
   Harriman State Office Campus
   1220 Washington Avenue #9
   Albany, New York 12226-2050

2. Carol A. Moores, Chief Medical Officer
   New York State Department of Corrections and Community Supervision
   Harriman State Office Campus
   1220 Washington Avenue #9
   Albany, New York 12226-2050

3. Susanna Nayshuler, Regional Health Services Administrator
   New York State Department of Corrections and Community Supervision
   Harriman State Office Campus
   1220 Washington Avenue #9
   Albany, New York 12226-2050

4. Michael D'Amore, Deputy Commissioner for Correctional Facilities
   New York State Department of Corrections and Community Supervision
   Harriman State Office Campus
   1220 Washington Avenue #9
   Albany, New York 12226-2050

5. Medical Director Razia Khan Ferdous
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562